**Angel CORTES, Plaintiff–Appellant,**

v.

**SKY CHEFS, INC., Defendant–Appellee.**

**Docket No. 02–7924.**

United States Court of Appeals, Second Circuit.

June 13, 2003.

Angel Cortes, Corona, NY, for Appellant, pro se.

Eric Rosenfeld, Seyfarth Shaw, New York, NY, for Appellee.

PRESENT: MINER, CABRANES and DRONEY, District Judge.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of June two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AF-FIRMED.

Plaintiff Angel Cortes appeals from a judgment of the District Court entered July 25, 2002, granting summary judgment to defendant on plaintiff's claim that he was wrongfully terminated in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* ·

Plaintiff alleges that he was unlawfully fired from his job as a utility worker (or porter) for defendant Sky Chefs' kitchen facility at JFK International Airport in Queens, New York because of his disability, namely a hip injury that prevented him from lifting heavy objects. Cortes first injured his hip at work on January 5, 2000, and obtained doctors' notes on January 6, 2000, and again on January 10, 2000, restricting him from lifting over ten pounds. On March 6, 2000, just after plaintiff returned from a four-week personal leave of absence, plaintiff received a doctor's note stating that he could return to "regular work duty" the next day, which he promptly did. However, plaintiff was suspended on April 26, 2000, and fired on July 14, 2000, for insubordination after, according

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

**68**

to Cortes, he asked for help in emptying certain particularly heavy trash cans.

The District Court held that, even viewing the facts in the light most favorable to Cortes, defendant was entitled to summary judgment because "an inability to lift more than ten pounds is not a substantial limitation on a major life activity within the meaning of the ADA." *Cortes v. Sky Chefs, Inc.,* No. 01–CV–1572, at 8(ARR) (E.D.N.Y. July 25, 2002). We agree with the District Court that, under the circumstances presented, plaintiff did not establish that his inability to lift more than ten pounds was a substantial limitation on the "major life activity" of lifting under the ADA. *See* 29 C.F.R. § 1630.2(j)(1) (defining the term "[s]ubstantially limits"); *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 644–45 (2d Cir.1998) (holding that the inability to lift "very heavy objects" did not impair a major life activity); *Strassberg v. Hilton Hotels Corp.,* No.1995 Civ. 6235(LLS), 1997 WL 531314, at *2 (S.D.N.Y. Aug.28, 1997) ("Nor is there any merit in [plaintiff's] claim that her inability to do any heavy lifting in January 1995 was an actual disability under the ADA. She claims that she was able to lift thirty pounds at the time. Courts have found that the inability to lift even less weight is not a disability."), *aff'd,* 173 F.3d 846 (2d Cir.1999). We also agree with the District Court that plaintiff did not establish that his inability to lift more than ten pounds was a limitation on the major life activity of "working" that precluded him from employment in a broad class of jobs. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) ("When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs."). Accordingly, for substantially the reasons stated by the District Court in *Cortes v. Sky Chefs, Inc.,* No. 01–CV–1572

(ARR) (E.D.N.Y. Jul. 25, 2002), summary judgment in favor of defendant Sky Chefs was proper.

We have considered all of the plaintiff's arguments. The judgment of the District Court is hereby **AFFIRMED**.